SAMUEL NAGLER, Appellant, *v.* JAMES BUTLER, INC., Respondent, Impleaded with MARK LAWLESS, Defendant.

First Department, January 11, 1924.

Negligence — action by plaintiff, window cleaner, to recover for personal injuries suffered when he fell from stepladder — accident was caused by individual defendant jostling ladder on which plaintiff was standing — evidence is sufficient to show that plaintiff was employed by defendant corporation and was rightly on premises — nonsuit should not have been granted as to defendant corporation on ground that individual defendant was not acting within scope of his employment.

In an action by a window cleaner to recover for injuries suffered when he fell from a stepladder while working in a store owned by the defendant corporation, in which it appeared that the accident was caused by the individual defendant, who was superintendent for the corporation defendant, jostling the ladder, the evidence is sufficient to justify the court's action in holding that plaintiff's employment was adequately proven.

The complaint should not have been dismissed at the close of the plaintiff's case on the ground that the evidence was insufficient to show that the individual defendant was acting within the scope of his employment at the time plaintiff suffered his injuries, since it appears by the testimony of the individual defendant and that of the vice-president of the corporation defendant, that the duties of the individual defendant were to visit all of the stores within his district daily, to inspect the stores visited, to check up the cash and receive orders for goods and that on the day in question he went to the store where the accident occurred for the purpose of performing his duties as an employee of the corporation defendant.

APPEAL by the plaintiff, Samuel Nagler, from a judgment of the Supreme Court in favor of the defendant James Butler, Inc., entered in the office of the clerk of the county of New York on the 2d day of March, 1923, upon the dismissal of the complaint as to said defendant by direction of the court at the close of the plaintiff's case.

*Sutta & Frankel* [*Alfred M. Bailey* of counsel; *Nathan Frankel* with him on the brief], for the appellant.

*E. C. Sherwood,* for the respondent.

MERRELL, J.:

The plaintiff was by occupation a window cleaner, being associated with another as copartner in such business. The defendant, respondent, James Butler, Inc., operated a chain of grocery stores in New York city. One of the respondent's grocery stores was situated at 215 Willis avenue, borough of The Bronx. On December 27, 1921, the plaintiff, appellant, while engaged in cleaning the

transom over the entrance doors to respondent's Willis avenue grocery store, was knocked or thrown from a ladder upon which he was standing by the defendant Mark Lawless, who was at the time in the employ of the defendant, respondent, as a superintendent of its chain of grocery stores in the district where the Willis avenue store was located. The plaintiff was standing upon a ladder inside the entrance doors of the respondent's Willis avenue store, when the defendant Lawless entered the store, and according to the testimony of the plaintiff, jostled against the ladder upon which plaintiff was standing, and plaintiff was thrown to the floor and received serious injuries, to recover for which he brings the present action.

At the close of the plaintiff's case the learned justice presiding at the trial granted a nonsuit as against the defendant, respondent, James Butler, Inc., upon the ground that the plaintiff had failed to show that the defendant Lawless, at the time plaintiff claims said Lawless negligently threw him from the ladder, was acting within the scope of his authority or in his employment on the master's business. Upon stipulation of the parties the plaintiff was permitted to withdraw a juror and a mistrial was declared as to the defendant Lawless.

Such motion to dismiss the complaint was made on the ground that the plaintiff had failed to prove that the defendant, James Butler, Inc., was guilty of any actionable negligence, or that the plaintiff was himself free from contributory negligence at the time he sustained his injuries; also upon the ground that the plaintiff had failed to show, so far as the respondent was concerned, that he was lawfully upon the premises, or that the respondent had any reason to anticipate that he would be present there, and that, therefore, the respondent owed him no duty except to refrain from willfully or wantonly injuring him. The court denied the motion of the defendant, respondent, to dismiss the complaint on the ground stated, but finally held that there was insufficient evidence to show that Lawless, respondent's superintendent, was acting within the scope of his authority or in the master's business at the time plaintiff received his injuries.

While the evidence is close as to plaintiff's employment by the respondent, I think there was sufficient evidence to justify the court's action in holding that plaintiff's employment was adequately proven. The testimony of the plaintiff was to the effect that he and his partner had for two years or more cleaned the windows of the defendant, respondent's stores, and had been in the habit of cleaning said windows weekly, and had been paid for such service by the managers of the stores or by Lawless, respondent's district superintendent, the money required to pay for such service being

uniformly taken from the cash register of the store where the cleaning was done.

In granting the nonsuit and dismissing plaintiff's complaint as to the defendant, respondent, upon the ground that it did not sufficiently appear that respondent's district superintendent was at the time of plaintiff's injury engaged in his master's employment, I think the court was in error, and that the proof was sufficient to go to the jury upon that question. Lawless was called as a witness on behalf of the plaintiff, and testified that on the day of the accident he was in the employ of the defendant, respondent, James Butler, Inc., and was district manager of the district in which the Willis avenue store of the defendant, respondent, was situated; that his duties as district superintendent as a rule required him to go to each of the respondent's stores in his district each day for the purpose of making collections, taking orders from managers, to see that everything was all right in the stores, and report to the home office; that it was his duty to go and see that the amount of cash in the cash register corresponded with the sales slip in the register, and to see that the store was kept clean; that a part of his duty was to get from the managers of the branch stores their needs with respect to goods, and to convey such orders to the main office of the defendant, respondent. Lawless further testified that he spent his time during the working hours each day going from store to store on the business of the defendant, respondent; and that he inspected the store each time he went in; that each of the store managers in each of the stores was under his supervision and orders; that he had an automobile for the purpose of going about from place to place in visiting the various stores. Lawless further testified that on each of the occasions, either on December 27, 1921, or prior to that time, when he visited the Butler stores within his district in working hours while the stores were open, he went there on the business of the defendant, respondent.

The plaintiff also called the vice-president of the defendant, respondent, who testified that Lawless was charged with the general supervision of certain branch stores of the defendant, respondent, including that at 215 Willis avenue, where the plaintiff received his injuries; that it was the duty of Lawless to take orders from the stores for their requirements, and to visit the stores and go inside and see the managers in that connection; that he checked up the cash; and that it was a part of his duty to inspect the stores and see that things were clean and orderly and in proper shape. Respondent's vice-president further testified that in December, 1921, he knew of his own personal knowledge that Lawless was engaged each day during working hours upon the business of the

defendant, respondent; that said working day was from half-past seven in the morning to seven at night.

From the foregoing testimony it seems to me the jury could have found that at the time of the alleged negligent acts of Lawless, respondent's district superintendent, he was acting within the scope of his employment. (*Rounds* v. *D., L. & W. R. R. Co.*, 64 N. Y. 129; *Higgins* v. *Watervliet Turnpike Co.*, 46 id. 23; *Mott* v. *Consumers' Ice Co.*, 73 id. 543; *Rolfe* v. *Hewitt*, 227 id. 486, 491; *Ryan* v. *Keane*, 211 Mass. 543, 544.)   I think the testimony was, at least, sufficient to raise a question of fact for the determination of the jury, and that the court erred in dismissing the complaint upon the ground stated.

The judgment appealed from should be reversed and a new trial granted, with costs to the appellant to abide the event.

CLARKE, P. J., SMITH, FINCH and MARTIN, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.