## WALTER PRICE, BY HIS NEXT FRIEND, v. FREDERICK SIMON.

Submitted March 28, 1898—Decided June 13, 1898.

A servant of the defendant who was engaged in delivering ice for him, in returning from a customer's house to the ice wagon, ran, while on the street, with the ice-tongs open, and came in contact with the plaintiff, who was injured by the tongs. *Held*—

1. That it was a question for the jury whether the servant was guilty of negligence.

2. That the negligence of the servant, if found, should be imputed to the master.

On *certiorari* to review the judgment of the Camden Common Pleas.

Before Justices DEPUE, VAN SYCKEL and GARRISON.

For the prosecutor, *Harrison H. Voorhees.*

For the defendant, *Thomas E. French.*

The opinion of the court was delivered by

VAN SYCKEL, J.   This suit was instituted in the District Court of the city of Camden to recover damages for an alleged injury done to the plaintiff by a servant of the defendant in September, 1897.

The defendant owned an ice wagon from which this servant delivered ice to his customers in Camden.   At the time of the injury complained of the servant had delivered a piece of ice and was returning to the wagon with the ice-tongs open.   When he reached Third street he ran into the plaintiff, who was a child five years old, and cut his hand and his head with the ice-tongs.

The plaintiff was nonsuited in the District Court and also in the Common Pleas of Camden county on the trial of the appeal from the District Court.

The writ of *certiorari* was sued out to review the judgment of the Common Pleas.

It was admitted on the trial below that the defendant was the owner of the ice wagon, and that his servant had just delivered a piece of ice to a customer and was returning to the wagon with the ice-tongs when the accident occurred.

A witness for the plaintiff testified as follows: "Well, I was standing in the yard, towards the gate; he [the servant] went by with his ice-tongs swinging, and just as he swung by there was a little boy standing at the gate, and he nearly struck the little boy, and ran by and struck my brother at the corner.

"Just as I went out of the gate I saw him pick the little

boy up; I said, 'Oh, my; what have you done?' he said, 'I have thrown him—cut him with the ice-tongs.'"

This witness testified, further, that the servant of the defendant was running with the ice-tongs open.

The defendant insists—first, that there was no evidence from which negligence of the servant could be inferred ; and secondly, that the negligence of the servant, if found, could not be legally imputed to the master.

The servant ran in the public street with an implement in his hands which would certainly inflict injury on anyone who came in contact with its sharp points. The infant plaintiff had an equal right with the servant to be there, and it was clearly a question for the jury whether the servant exercised reasonable care in the handling of the ice-tongs to avoid injury to the plaintiff. Whether he was swinging an ice-tongs or a drawn sword in the street would make no difference in the legal rule except as to the degree of care that would be exacted of the servant. The facts proven would have justified the jury in drawing the inference that there was negligence on the part of the servant.

The liability of the master for the negligent act of the servant is solved by determining whether the injury was inflicted while the servant was performing an act in the course of his employment by the master. His duty to the master was to deliver ice from the wagon to customers. When he was returning from the customer's house to the wagon with the ice-tongs he was acting in the business of the master as clearly as he was when he took the ice in, or as when he was driving the wagon. He could not conduct the business in which he was employed without going to the customer's house and returning to the wagon. In doing these acts he represented the master, and for his negligence the master is liable.

The case should have been submitted to the jury.

The judgment certified is reversed, with costs.