PHILIP RYAN *vs.* PATRICK F. KEANE & another.

Suffolk. March 29, 1912. — May 21, 1912.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DeCOURCY, JJ.

*Agency,* Scope of employment. *Negligence. Assault.*

In an action against the proprietor of a stable by a customer, who, while going across a wagon yard of the defendant toward a horse and wagon that he had hired from the defendant, was thrown to the ground by a collision with a stableman of the defendant who was returning to the stable after having helped to hitch the horse to the wagon, if there is evidence that, while the plaintiff was proceeding with due care, the stableman came along in a hurry, called out "Get out of my way," and immediately afterwards jostled the plaintiff or pushed him aside when there was ample unobstructed space in which to pass, the plaintiff is entitled to go to the jury both on a count alleging negligence and on a count alleging an assault, and the jury are warranted in finding that the stableman when he ran into the plaintiff was acting within the scope of his employment.

TORT for personal injuries sustained by the plaintiff on October 21, 1909, with two counts, the first alleging that the plaintiff was thrown to the ground with great violence by reason of the negligence of a servant of the defendants, and the second alleging that while the plaintiff was lawfully on the defendants' premises a servant of the defendants acting within the scope of his employment made an assault upon the plaintiff. Writ dated January 15, 1910.

In the Superior Court the case was tried before *Wait,* J. It appeared that the plaintiff on the day of the accident went to the stable of the defendants for the purpose of hiring a horse and wagon, that the defendants agreed to let the plaintiff have a horse and wagon with a driver and that after the horse had been harnessed at the stable it was taken from the stable to another

stable or shed belonging to the defendants, a short distance away where the wagon was kept, and there was hitched to the wagon. The plaintiff's account of the accident and the facts which could have been found in regard to its cause are stated in the opinion.

At the close of the evidence the defendants asked the judge to make the following rulings:

"1. On all the evidence the plaintiff is not entitled to recover on the first count of his declaration.

"2. On all the evidence the plaintiff is not entitled to recover on the second count of his declaration.

"3. There is no evidence of an assault made upon the plaintiff by any servant of the defendants acting within the scope of his employment."

"5. There is no evidence that any employee of the defendants in pushing the plaintiff, was doing the work which he was directed to do by the defendants."

"8. In view of the fact that there is no evidence of a crowded condition of the stable yard or lack of room, it cannot be found that the act of an employee of the defendants in putting out his arm and pushing the plaintiff was a means or done for the purpose of performing the master's work."

The judge refused to make any of these rulings, and submitted the case to the jury with other instructions. The jury returned a verdict for the plaintiff in the sum of $5,000; and the defendants alleged exceptions.

*E. K. Arnold,* (*W. B. Luther* with him,) for the defendants.

*J. P. Walsh,* (*C. H. Cronin* with him,) for the plaintiff.

DeCourcy, J. It was not in dispute that the plaintiff's injury was suffered through a collision with one Boylan, an employee of the defendants. As to the manner in which the two men came in contact the jury presumably believed the plaintiff's story, which was that he was crossing the yard toward the wagon which he had hired, when Boylan came along in a hurry, called out "Get out of my way," and immediately afterwards jostled the plaintiff or pushed him aside, when he had ample unobstructed space in which to pass. On these facts the plaintiff could recover under his count for an assault, or under that alleging negligence.

That Boylan was in the employ of the defendants at the time of the accident was admitted by the defendant Keane and by Boylan,

and is apparent from the uncontradicted testimony. He had been sent by his employer to get the wagon, had helped the driver to hitch in the horse, and was hurrying back in a direct course from the wagon yard to the stable in order to resume his other routine duties as stableman. Although he had completed one of his daily tasks he remained in the service of the defendants and subject to their directions; and the relation of employer and employee, with its accompanying legal rights and obligations, continued while the employee was going from one to another portion of his day's work. *O'Brien* v. *Boston & Albany Railroad*, 138 Mass. 387.

The jury were warranted in finding that Boylan was acting within the scope of his employment at the time when he ran into the plaintiff. Probably this would not be questioned if he were driving the horse at the time and drove the wagon against the plaintiff. In the act of returning to the stable he was doing what he was ordered to do, and his purpose was to perform the work of his employer for which he was engaged. He was none the less acting in the course of his employment because his method of performing his duty was careless; and if in hurrying to do his work at a busy hour in the morning he carelessly or wilfully jostled against and injured the plaintiff, the defendants are liable for his act. The evidence does not show that Boylan assaulted the plaintiff wilfully, or that he was actuated by ill will or by a desire to carry out any purpose of his own, and the judge's charge fully protected the rights of the defendants in this regard. *Howe* v. *Newmarch*, 12 Allen, 49. *Aiken* v. *Holyoke Street Railway*, 184 Mass. 269. *Brough* v. *Towle*, 187 Mass. 590. *Collins* v. *Wise*, 190 Mass. 206. *Smith* v. *Jordan*, 211 Mass. 269.

The plaintiff's due care is not questioned. The rulings requested so far as they were not embodied in the charge were rightly refused.

*Exceptions overruled.*