LEONORA M. PHILLIPS v. WESTERN UNION TELEGRAPH COMPANY, Appellant, and SAMUEL KENZELL, a minor.

In Banc, May 22, 1917.

1. **TORT: Messenger Boy: Right to Street.** A messenger boy sent out by a telegraph company to deliver a telegram does not travel on the street by permission of the company, but in the exercise of a valuable public right; that right is a part of his own equipment for the service in which he engaged; and for his torts, committed in playfulness in no wise connected with the performance of his work or inconsistent with the terms of his employment, the company is not liable.,

2. ———: ———: **Running Into Pedestrian.** A messenger boy with a telegram in his hand ran along the sidewalk on which plaintiff was standing, and coming up to a newsboy with a bundle of papers under his arm asked him for a paper, and being refused snatched one from the bundle and ran, and looking over his shoulder as he ran collided with plaintiff with such force as to knock her ten feet into the street and seriously injure her. *Held*, that the telegraph company was not liable in damages for the tort.

   *Held*, by WOODSON, J., dissenting, that the same rule of law applies as would apply if the injury had been inflicted by the telegraph company's automobile instead of the messenger boy's body coming into negligent collision with plaintiff; that he was performing the master's business at the time the injury was inflicted, and had he not been so engaged he would not have committed the tort, and the mere fact that he side-stepped a few feet from his journey to gratify some personal desire does not change the rule.

Appeal from St. Louis City Circuit Court.—*Hon. Rhodes E. Cave*, Judge.

REVERSED.

*Albert T. Benedict, Franklin Ferriss* and *Henry T. Ferriss* for appellant.

(1) Where the injury to a third party is caused by the servant's negligence in the performance of his duties and the liability of the master is based solely

on the doctrine of *respondeat superior*, each is several-
ly liable to the injured party, although for different
reasons, but they are not joint tortfeasors and cannot
be sued jointly. Campbell v. Phelps, 1 Pick. 65; Par-
sons v. Winchell, 5 Cush. 592; Mulchy v. Methodist
Society, 125 Mass. 487; Page v. Parker, 40 N. H. 47;
Brewing Co. v. Przbyiski, 82 Ill. App. 361; McNemar
v. Conn, 115 Ill. App. 36; Bailey v. Bussing, 37 Conn.
349; Tel. Co. v. Olsson, 40 Colo. 264; Campbell v.
Sugar Co., 62 Me. 566; Clark v. Fry, 8 Ohio St. 377;
French v. Construction Co., 76 Ohio St. 509; McGin-
nis v. Railroad, 200 Mo. 359; Warax v. Railroad, 72
Fed. 637.    (2) Plaintiff's evidence failed to sustain
the claim that the collision was due to the negligence
of Kenzell in respect to any act or deed required by
or incident to his employment; on the contrary, the
plaintiff's evidence demonstrated that the collision was
directly occasioned by Kenzell's conduct outside the
scope of his duties. Hillsdorf v. City, 45 Mo. 94; Walk-
er v. Railroad, 121 Mo. 575; Farber v. Railroad, 32 Mo.
App. 381; Hartman v. Muehlbach, 64 Mo. App. 566;
Collette v. Rebori, 107 Mo. App. 720; Grattan v. Sue-
demeyer, 144 Mo. App. 723; Slater v. Thresher Co.,
5 L. R. A. (N. S.) 598; Geraty v. Ice Co., 16 App.
Div. N. Y. 177; Railroad v. Harvey, 144 Fed. 806;
Guille v. Campbell, 49 Atl. 938; Thurston v. Railroad,
168 S. W. 236; Mfg. Co. v. Roofing Co., 183 S. W.
659.    With respect to his manner of walking along
the streets, Kenzell's position was analogous to that
of an independent contractor; the telegraph company
would not be liable for his negligence in so doing.

*William H. McClarin* and *Jones, Hocker, Sullivan
& Angert* for respondent.

(1) The defendants are jointly or severally liable
in this case, and they were properly joined as defend-
ants in this suit. Therefore, the court did not err in
overruling the appellant's motion to elect, or its de-
murrer, or its objection to the introduction of evidence,
grounded on non-joint liability. Harriman v. Stowe,

57 Mo. 99; Steinhauster v. Spraul, 114 Mo. 551; Kanfield v. Railroad, 59 Mo. App. 362; Jewel v. Bolt & Nut Co., 231 Mo. 206; Schwyhart v. Barrett, 145 Mo. 332; Stotler v. Railroad, 200 Mo. 119; Lanning v. Railroad, 196 Mo. 656; McGinnis v. Railroad, 200 Mo. 358; Hutchinson v. Safety Gate Co., 247 Mo. 71; Whiteaker v. Railroad, 252 Mo. 450, 239 U. S. 421; Railroad v. Thomson, 200 U. S. 206; Railroad v. Bohon, 200 U. S. 221; Railroad v. Dixon, 179 U. S. 131; Railroad v. Miller, 217 U. S. 209; Railroad v. Willard, 220 U. S. 413; Sec. 1734, R. S. 1909. The appellant, by answering to the merits and not standing on its demurrer and motion to elect, waived the point raised thereby. White v. Railroad, 202 Mo. 561; Hansen v. Neal, 215 Mo. 277. (2) The evidence on the part of plaintiff conclusively showed that defendant Kenzell was in the employ of the defendant and at the time was engaged in and about its business as its servant. Fleischman v. Fuel Co., 148 Mo. App. 117; Long v. Nute, 123 Mo. App. 209; Hays v. Hogan, 180 Mo. App. 237; O'Malley v. Construction Co., 255 Mo. 386; Curley v. Vehicle Co., 68 App. Div. (N. Y.) 21; Seaman v. Koehler, 122 N. Y. 646; Wilde v. Railroad, 53 N. Y. 156; Pearlstein v. Express Co., 177 Mass. 530; Tuomey v. Fogart Co., 22 N. Y. Supp. 930; Slothower v. Clark, 191 Mo. App. 105; Phillips v. Tel. Co., 184 S. W. 958. (3) Kenzell's negligence having been committed in the course of the performance of his duties, was the negligence of the master. Ryan v. Keane, 211 Mass. 543, 47 L. R. A. (N. S.) 142; Phillips v. Tel. Co., 184 S. W. 958; Whiteaker v. Railroad, 252 Mo. 438; Garretson v. Duenckel, 50 Mo. 104; Meade v. Railroad, 68 Mo. App. 92; Brill v. Eddy, 115 Mo. 596; Voegeli v. Co., 49 Mo. App. 643; Schamp v. Lambert, 142 Mo. App. 573; Winfrey v. Lazarus, 148 Mo. App. 388; Bouilon v. Light Co., 148 Mo. App. 473; Red v. Railroad, 161 Mo. App. 522; Moore v. Light Co., 163 Mo. App. 270. (4) Kenzell not having stopped in grabbing the paper mentioned in the evidence, but having grabbed it while on his way to appellant's office, had not

deviated from nor abandoned the pursuit of his duties to the appellant, so as to relieve it from liability, inasmuch as he was continuing on to the office of the appellant when he struck Mrs. Phillips. This was a question of fact which has been resolved against the appellant by the jury. Long v. Nute, 123 Mo. App. 209; Slothower v. Clark, 191 Mo. App. 105; Vaneman v. Laundry Co., 106 Mo. App. 592; Jones v. Weigand, 134 App. Div. (N. Y.) 644; Lovejoy v. Lackland, 66 Neb. 469; Whiteaker v. Railroad, 252 Mo. 452.

BROWN, C.—This is a suit for damages suffered by plaintiff under the following circumstances:

The defendant Western Union Telegraph Company is a New York corporation engaged in the business of receiving, transmitting and delivering communications by telegraph between different places in the United States, including the city of St. Louis, in which it had offices for that purpose, among which was an office on the southwest corner of Olive Street and Grand Avenue. Olive Street, at that place, extends east and west while Grand Avenue crosses it, extending north and south. The defendant Kenzell, at the time of the injury, which occurred about December, 28, 1912, was a messenger boy sixteen years old, in its service, whose duty it was to deliver telegrams. The evidence tends to show that about seven o'clock in the evening of that day the plaintiff was standing on Grand Avenue in front of the show window of a candy store on the southeast corner, waiting for an approaching automobile to pass, so that she could step down into the street and cross to the southwest corner, on which the telegraph office was situated. A news boy with a bundle of papers under his arm stood on the sidewalk about seven feet north of her when the defendant Kenzell came running from the east along the sidewalk on the south side of Olive Street with a telegram in his hand, and said to the news boy "give me a paper." The news boy refused, when Kenzell snatched one from the bundle and ran, looking over his shoulder, and collided with plaintiff with such force that she was

knocked ten feet into Grand Avenue and very seriously injured. There was a verdict and judgment for $10,000 against both defendants, from which the Telegraph Company alone has taken this appeal. It does not complain of the amount, but does strenuously insist that it is not liable upon the facts as above stated, and this is the point to which our attention will be given.

In going into the consideration of this case it is well to have in mind that the boy who caused the injury which is the subject of the suit was not traveling on the street by permission of his co-defendant, but in the exercise of a public right valuable to himself as a facility for gaining a livelihood as well as to his employer. Had he not possessed this right his employer could not have conferred it nor taken it away. It went with his service as far as it was necessary to the performance of the duty involved and no further. In all other respects and for all other purposes it remained his own. It was, like his health and strength, a part of his own equipment for the service in which he was engaged. We cannot arbitrarily assume that by the terms of his employment, he was forbidden to seek, while on these trips, his own pleasure or profit in any manner consistent with the performance of his whole conventional duty, nor was the defendant under any obligation to so restrain his liberty of action, in the ordinary use of the public easement, although, should it authorize him to commit a wrong, as by inciting him to dangerous speed in a crowd, it would be liable for the consequences upon familiar principles unconnected with any issue in this case, and having no connection with the relation of master and servant.

Servant's Tort: Liability of Master.

On the other hand, neither beasts nor inanimate things participate in these public uses of their own right, but only have status in the public highway by right of their owners. For this reason one who employs a beast upon the street must do so under such management and control as will provide reasonably for the safety of persons and their property. Had this boy

been furnished by the defendant with a horse to ride or an automobile to transport him in the performance of his duties, his management of these facilities would have been the management of his master, which would have been liable for his acts and omissions in such management.

These principles are familiar to all, and are firmly embedded in the foundation of our jurisprudence, and we would not feel that it is necessary to mention them were it not that this unfortunate accident has already been the subject of 'adjudication by an appellate court of this State in a suit brought by the husband of plaintiff (Phillips v. Western Union Telegraph Company, 194 Mo. App. 458), in which the liability of the appellant was upheld. While this does not constitute an adjudication of the right in favor of this respondent, it is persuasive authority as the decision by a distinguished court of the same question, and is the only authority to which counsel has directed our attention bearing upon the question which seems to us to be the controlling one in this case.

Respondent's counsel meets these simple rules with the proposition that human legs, while safe and proper instruments of transportation when carefully used, are, like automobiles and other things of a similar nature, dangerous when used negligently, and that the master has as much control over the legs of his servant as over his own animal or machine; and cites Ryan v. Keane, 211 Mass. 543, as an authority, and the same case is cited and quoted by the St. Louis Court of Appeals in Phillips v. Western Union Telegraph Company, supra. In the Massachusetts case the accident occurred in the stable yard of a livery, in which a customer waiting for a conveyance he had ordered was roughly pushed, run against and injured by the employee who had been serving him, and who was on foot. We do not see the relevancy of this case, in which the employer failed in the duty of protecting his customer from negligent injury by his own servant upon his own premises to which he had been invited, to the duty of the master to control

the movements of his messenger while walking upon the public street.

The respondent has also cited the decision of this court In Banc in Maniaci v. Interurban Express Co., 266 Mo. 633. In that case the defendant express company had in charge of its office and business at Edwardsville, Illinois, one Joiner, "a person of violent temper, quarrelsome disposition and without control over his passions" and "a dangerous and unfit person to place in such a position," which it well knew; a dispute had arisen between Joiner and plaintiff over the refusal of plaintiff to sign a receipt for a consignment of fruit previously delivered to him; and Joiner had telephoned him to come to the office; and while he was doing so intercepted him, presented the receipt, demanded that he sign it and while he was doing so "under protest" shot him. In holding the express company liable under the circumstances this court said: "The plaintiff was there upon the invitation of defendant for a legitimate purpose. He and Joiner were in the midst of the very business which had called them together, at the time said shooting occurred. In addition thereto, the petition alleges that plaintiff was in the very act of signing the receipt when he was suddenly shot." It also cited a number of authorities sustaining the principle clearly stated by Judge Cooley, Cooley on Torts (3d Ed.) sec. 626, as follows: "The master is liable for the acts of his servant, not only when they are directed by him, but also when the scope of his employment or trust is such that he has been left at liberty to do, while pursuing or attempting to discharge it, the injurious act complained of. It is not merely for the wrongful acts he was directed to do, but the wrongful acts he was suffered to do, that the master must respond.

There is nothing in any of these authorities which applies the doctrine of *respondeat superior,* or the principles on which it rests, to the facts of this case as already stated, and we are not surprised that the diligent search indicated by the briefs of eminent counsel in this case have failed to disclose one. Had the messenger

boy, charged as the direct perpetrator of the injury to plaintiff, been charged by the Telegraph Company with the duty of delivering a telegram to her and taking a receipt therefor, and he had presented it and demanded the receipt, and had a quarrel arisen between them as to the proper method of executing it, in which he had lost his temper by reason of her protests, and thrown her upon the pavement or otherwise chastised her to her injury, the Maniaci case would be a direct authority in favor of the master's liability. The same principle is supported more or less directly by the authorities which it cites. They all put the master's liability upon the ground that in the performance of those acts which can be done only by the use of its powers and under its direction, it is responsible for the conduct of the servant, even though, in the accomplishment of that object, he commits a wilful tort. There is nothing in any of them that implies the duty to regulate the gait of one who walks along the street for such purpose. Had economy indicated that the duty of delivering telegrams be united in the boy with the duty of delivering medicine for the drug store in which defendant's office was situated, a search of his pockets might disclose either telegrams or medicine or both, but we do not think their presence would be of value to fix upon either druggist or telegraph company a liability for his want of circumspection in using the easement which was freely open to him for himself despite the objections of either or both.

We have already referred to the paucity of authority upon the liability of the master for the use by his servant of the public street. The most of us frequently send our servants to the post office or the store, or, if we have no one regularly employed to do these errands, expend a nickel or a dime for a special messenger for such purposes. Traveling salesmen in the employ of commercial houses go from store to store and house to house in the pursuance of their calling. Boys engaged in this employment frequently encounter their juvenile enemies and we, who employ them, do not think of worrying over our financial responsibility for the result.

The youth who goes to the post office with our letter on a Fourth of July morning may carry. a bundle of fire crackers' and distribute them freely along the route, or the festive drummer on a holiday occasion may fall over a slight and quiet traveler, or the boy who carries a parcel may, at the same time, try to control his boon companion, the bull pup, with a string. Many of us have seen painful accidents resulting from such conditions, but have seen no legal authority for holding the master liable in damages growing out of the rollicking movements of his servants, on the street, even though his own business may have taken them to the very place at that very time, unless he instigates the wrong which caused the injury.

Nor are we prepared to hold that a corporation is, in this respect, subject to a more stringent rule of liability than a natural person.

The judgment of the circuit court for the city of St. Louis is therefore reversed. *Railey, C.,* not sitting.

PER CURIAM.—The foregoing opinion of BROWN, C., is adopted by the Court In Banc as the opinion of said court. All the judges concur, except *Woodson, J.,* who dissents in an opinion filed.

WOODSON, J. (dissenting).—I dissent from the majority opinion for the reason that the same rule of law applies to the facts of this case as if the injury had been inflicted by an automobile instead of being caused by the messenger's body negligently coming in physical contact with the plaintiff. The messenger was performing the master's business at the time he injured the plaintiff, and had it not been for that fact he would not have been pursuing the journey which resulted in the injury, and the mere fact that he sidestepped a few feet to gratify some personal desire does not change the rule. In that case, as in this, he would have been about the master's business and the negligence in the one is identical with that in the other; the authorities cited abundantly so hold.