[Civ. No. 7575. First Appellate District, Division One.—April 4, 1931.]

ANNA SCHEDIWY, Respondent, v. J. FRANK McDERMOTT et al., Appellants.

Jos. T. O'Connor and Leo R. Friedman for Appellants.

L. R. Weinmann and James R. Agee for Respondent.

WARD, J., *pro tem.*—This is an appeal from a judgment based upon a verdict of a jury awarding to plaintiff damages in the sum of $5,000 against the defendants and to review the proceedings of the trial court in denying defendants' motion for a new trial.

The undisputed facts are as follows: That Santa Clara Avenue is a public street in the city of Alameda, running in a general easterly and westerly direction; that on the north side of this street there is a sidewalk for the use of pedestrians; that on the same side and about in the middle of the block, between Park and Oak Streets, there is situated a building commonly known as the city market; that J. Frank McDermott, doing business under the name of Lewis & McDermott, was engaged in the wholesale meat business; that Joe Souza, an employee, on the twenty-fourth day of July, 1928, had finished delivering beef to the city market from a truck parked at the north curb of Santa Clara Avenue and was proceeding back to the truck after making such deliveries; that plaintiff Anna Schediwy was walking along this sidewalk at a point about opposite the market; that at the same time Joe Souza left one of the entrances to the market, the doors of which are recessed four or four and one-half feet from the front of the market; that Souza proceeded southerly across this sidewalk toward the curb; that the bodies of appellant Souza and respondent collided about two and a half feet from the building line with the result that Anna Schediwy was knocked down and sustained certain injuries in compensation of which verdict was rendered and the judgment entered.

The points urged for a reversal of the judgment are as follows: That the evidence is insufficient to establish any negligence on the part of the defendant Joe Souza; that the evidence is insufficient to establish any negligence on the part of the defendants J. Frank McDermott and/or Lewis & McDermott; that plaintiff Anna Schediwy was guilty of

contributory negligence; that plaintiff, by her attorney, was guilty of irregularity and misconduct in the proceedings of the trial by which defendants were prevented from having a fair trial; that the court erred in denying defendants' motion for a new trial.

Respondent was looking ahead and saw appellant just in time to throw up her hand before the impact. Appellant testified ''when I turned to my right, Mrs. Schediwy and I both faced together and that is how I saw her when we both bumped together''. Mrs. Schediwy testified without objection '' . . . I had plenty of time to do my shopping. As near as I can recall I was walking about the middle of the sidewalk. . . . I was not talking to anyone, nor was there anyone with me.'' Souza testified: ''I kind of lost my balance and she went down on her back . . . and when we get through with deliveries we are done . . ; when we get back to the place a little earlier, we have to do some work around the place for a while and then we are done. . . . I was not running at the time, and I was not rushing.'' The only other witness produced as to the actual impact testified that she saw Souza ''come out of the butcher shop at a good, brisk pace, faster than a walk. . . . When I last saw her before the accident, she was perhaps just a little inside of the center of the sidewalk toward the building . . . her head was toward the edge of the sidewalk as she fell''. So far, we have considered the evidence without reference to the testimony of the son of respondent.

Appellants contend that the evidence fails to establish any negligence on the part of respondent Souza and cite *Diamond* v. *Weyerhaeuser*, 178 Cal. 540, 543 [174 Pac. 38, 39]. In that case the court was dealing with the terms ''very fast'' and ''pretty fast''; the court held ''these statements are entirely too uncertain to serve as a basis for a finding that the speed was over twenty miles an hour, or that it was in excess of the maximum rate which would be dictated by the demand of ordinary prudence''. The expression ''very fast'' is uncertain and gives no idea of the bounds or degrees of pace but ''faster than a walk'' eliminates an inference of walking. If the jury believed this testimony, then they had a right to conclude that when Souza left the vestibule he was not walking. It may have been a hop, a trot, or a run toward the truck parked at the curb, but respondent was

walking, appellant was not. Respondent was walking the length of the sidewalk; appellant was crossing the sidewalk. Respondent was looking ahead; there is no evidence that appellant looked ahead or either to the right or left before or after he started toward the truck.

In the absence of a prohibitory statute or ordinance to the contrary a pedestrian upon a lane or walk used by foot travelers (i.e., a sidewalk) has the right to come and go in any direction he or she sees fit and at any pace or gait that may suit the fancy or the aim or purpose of the pedestrian, but the pace and direction must be in accordance with the interest of others who may lawfully be using the sidewalk or lane. A pedestrian must use a degree of care, precaution and vigilance which the circumstances justly demand. One is bound to anticipate and guard against what usually happens, but is not required to anticipate or guard against what is unusual or unlikely to happen. In this case it was for the jury to determine if such care and vigilance was used. We find evidence that warranted the jurors' view upon this subject.

Souza was an employee and engaged within the scope of the business of the other defendants at the time of the accident. They are therefore liable. In reaching this conclusion, the testimony of the son of respondent has been eliminated. Contributory negligence is a question of law only when an inference may be drawn by reasonable men that there can be no doubt of a plaintiff's negligence and that such negligence was the proximate cause of the accident. We cannot say that when respondent was looking straight ahead, her failure to look into a private passageway was negligence at all, or, if so, that it was the proximate cause of the accident. No one had left the vestibule immediately prior to Souza, and respondent evidently had no opportunity to look into the private passageway before she was struck.

At the conclusion of plaintiff's case, but before a motion for nonsuit had been submitted, the son of respondent was called as a witness. On direct examination witness Frederick Schediwy testified to a conversation had with defendant Souza three weeks after the accident. No mention of any written statement was made during the direct examination. On cross-examination counsel for defendants

attempted to test witness Schediwy's recollection of this conversation and, in so doing, counsel asked the witness if he had made any written statement to the plaintiff's attorney. The witness answered that he had. Defendants' counsel then demanded of plaintiff's counsel that the statement be produced. This was done. Counsel for defendants then proceeded to interrogate the witness at length. He brought out that in this written statement no express mention was made of the fact that Souza had told him anything. The purpose of defendants' counsel in bringing this out, as explained in their brief, was to show that this witness had made no written memorial or memorandum of the conversation, so far as appeared from the statement itself and that in testifying to the conversation with defendant Souza, witness Schediwy was relying solely upon his memory. Appellants now contend that plaintiff's counsel was guilty of prejudicial misconduct because in the redirect examination of this witness he attempted to show that the letter or written statement sent by the witness to him was in part a reduction to writing of his conversation with defendant Souza. On redirect examination respondent's attorney attempted to have the witness explain his answer. Objections were interposed and sustained. The same question was asked in several different forms. The statement was introduced for identification and some reference was attempted to be made to it in the argument before the jury by respondent's counsel, but was stopped by objection. Appellants now contend that the repeated asking of such questions and the reference to the statement in the argument was misconduct of such a prejudicial nature that appellants were precluded from having a fair trial. No assignment of misconduct was presented, but appellants contend that asking of the questions and the attempt to refer to the statement was prejudicial. The only record of this incident before the jury is contained in an affidavit filed by one of the attorneys for appellants, and it does not appear therefrom that counsel for respondent had proceeded so far in his argument before being stopped by objection sustained that any prejudice arose that precluded a fair determination of the case. The jury was subsequently given the usual instructions to disregard statements of counsel, etc. The question reads as follows: "Is there anything in

this statement that you had reference to when you said you had given the statement to me with reference to a conversation with Joe Souza?'' An objection was interposed and the court sustained the objection to the form of the question. Thereupon, the same question was asked in a different form upon two other occasions. ' ▮ When a question is propounded and an objection is sustained to the form of the question—it is an invitation by the court to reask the question. No harm appears from the reasking of this question and the trial court was correct in determining that no prejudicial error occurred during the trial.

Judgment affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 4, 1931, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 1, 1931.