MRS. J. W. RITCHEY, APPELLANT, v. WESTERN UNION TELEGRAPH CO., RESPONDENT.—41 S. W. (2d) 628.

Kansas City Court of Appeals.   June 15, 1931.

*Kelly, Bucholz & O'Donnell* for appellant.

*Winger, Reeder, Barker, Gumbiner & Hazard, Francis R. Stark, P. E. Reeder* and *David R. Derge* for respondent.

CAMPBELL, C.—This is an action to recover damages for personal injuries alleged to have been sustained as a result of defendant's negligence. The case was tried to a jury, and at the close of plaintiff's evidence the court directed a verdict in defendant's favor. The verdict was returned and judgment followed. Plaintiff appeals.

The single question brought here by this appeal is whether there was legally sufficient evidence to carry the case to the jury.

The defendant is a corporation, and at the time in question was engaged in the business of receiving, transmitting and delivering messages for hire, and maintained an office on Baltimore Avenue, in Kansas City, Missouri.

Plaintiff testified that while she was walking along the sidewalk a boy ran out of the doorway of defendant's said office and collided with and injured her. "He dashed out of the building with his head down . . . I was about the middle of the sidewalk . . . I saw him but I could not avoid him . . . he wore a Western Union uniform and wore a cap saying 'Western Union' on the front, and he carried a Western message in his hand . . . I saw the words 'Western Union' and it was on one of their envelopes."

In the determination of the case we will proceed upon the theory, warranted by the record, that there was substantial evidence show-

ing that the boy who ran into and injured plaintiff was an employee of defendant, then engaged in its service and that he was guilty of negligence.

The facts in this case are in legal effect the same as the facts in the case of Phillips v. Western Union Telegraph Company, 270 Mo. 676, 195 S. W. 711. In that opinion it is stated that the messenger "was not traveling on the street by permission of his co-defendant, but in the exercise of a public right valuable to himself as a facility for gaining a livelihood as well as to his employer. Had he not possessed that right his employer could not have conferred it nor taken it away. It went with his services as far as it was necessary to the performance of the duty involved and no further. In all other respects and for all other purposes it remained his own."

Obviously the court held that inasmuch as the messenger was not traveling on the street by *permission* of the employer the doctrine of *respondeat superior* did not apply.

The plaintiff, in a forcible argument, endeavors to distinguish the facts in this case from those in the Phillips case. The argument assumes that the messenger ran through the doorway "in obedience to direct orders of the defendant." There is no evidence, one way or the other, whether there was any one in defendant's office at the time the messenger passed through the doorway. We cannot indulge the inference that a representative of defendant, having authority to control the messenger, was present at the time, and then also infer that the messenger was ordered to run through the doorway and onto the sidewalk.

Whether the doctrine of the Phillips case is sound or unsound is not for this court; it is controlling, notwithstanding holdings in other jurisdictions to the contrary. The judgment is affirmed. The Commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion by CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur, except *Trimble, P. J.,* absent.