[Civ. No. 11411.   First Dist., Div. One.—April 14, 1941.]

MAZILLA TIGHE, Respondent, v. AD CHONG et al., Appellants.

George M. Naus and Donald Seibert for Appellant Ad Chong.

Young & Ryan and Ingemar Hoberg for Respondent.

KNIGHT, J.—The plaintiff, Mazilla Tighe, brought this action for damages against Leong Cheung and his employer Ad Chong, alleging that Leong Cheung negligently collided with her on a sidewalk, as the result of which she sustained personal injuries, and that at the time of the accident he was engaged in performing the duties of his employment. A jury returned a verdict against both defendants for the sum of $2,500, and from the judgment entered thereon they appealed.

The testimony upon which the jury based its verdict was conflicting upon the issue of whether an impact actually occurred; otherwise there was no dispute as to the facts. Resolving the conflict in favor of the jury's verdict, the circumstances of the case may be stated as follows: The accident occurred about 8:30 o'clock in the morning, in front of a restaurant in the 300 block on Sutter Street in San Francisco. Plaintiff at the time was on her way to work in a downtown department store. Ad Chong was a peddler of fresh fruits and vegetables, which he sold and delivered from a motor truck; and Leong Cheung was employed by him as delivery boy. Shortly before the accident happened they parked their truck opposite and across the street from the restaurant and went inside for the purpose of selling some of their produce. Leong Cheung took along a load of vegetables, which he left inside; thereupon he started to return to the truck, empty-handed, to fetch another load; and just as plaintiff was passing in front of the restaurant he emerged suddenly through the doorway, backward, and apparently talking with someone inside. He then whirled around quickly and started across the sidewalk toward the truck. In doing so he collided with plaintiff, knocking her down, so she testified, and inflicting the injuries for which she was awarded damages.

The appeal taken in behalf of Leong Cheung was subsequently abandoned. No briefs or arguments were presented in furtherance thereof, nor as to him is a reversal of the judgment sought by his co-defendant. On the appeal taken by Ad Chong it is conceded that the evidence, although conflicting upon the point above mentioned, is sufficient to establish that the accident occurred as claimed by plaintiff. Furthermore it is conceded that she sustained personal injuries as a result of the accident, and that her injuries were proximately caused by the negligence of Leong Cheung; also that Leong Cheung was in Ad Chong's employ and at the time of the accident was engaged in performing the duties of his employment. ■ Nevertheless it is contended that the facts so conceded are not legally sufficient to establish liability against Ad Chong under the doctrine of *respondeat superior*. The theory upon which this contention is based is best summarized in the following instruction proposed by him and which the court refused to give: "I instruct you that as a matter of law, based upon the evidence in this case, you cannot find the defendant Ad Chong liable to the plaintiff and your verdict must accordingly be in favor of the defendant Ad Chong. The evidence shows that the accident occurred upon a public sidewalk and that the sole means of locomotion of Leong Cheung upon and over the sidewalk were his own legs. The use of his legs under the circumstances and his use of a public sidewalk were both uses in his own right. The right of Leong Cheung to use the sidewalk was a right of his own and was not given to him, and could not be given to him, by Ad Chong. In Leong Cheung's locomotion upon and over the sidewalk he did not use any vehicle or instrumentality owned by or in the custody of Ad Chong. It is only when a servant uses a vehicle or animal or instrumentality, owned or controlled or directed by his master, as a means of locomotion upon a public way, that the master can be held liable for the negligence of his servant arising out of and in the course of locomotion by the servant."

. We agree with respondent that the trial court was justified in refusing to accept appellant's view of the law as stated by him in the concluding sentence of the foregoing instruction. In the case of *Schediwy* v. *McDermott,* 113 Cal. App. 218 [298 Pac. 107], a factual situation was presented identical with the one here involved, and the judgment, against the

employers was affirmed under the doctrine of *respondeat superior*. The delivery man there was employed by a firm selling meat at wholesale. After having made a delivery of meat in a market the delivery man hastened back through the doorway to return to his employer's truck, which was parked opposite the market, and in crossing the sidewalk he collided with and injured a pedestrian. One of the points urged for reversal was that the evidence was insufficient to establish any negligence on the part of the employers, and in disposing of the point the court said: "Souza was an employee and engaged within the scope of the business of the other defendants at the time of the accident. They are therefore liable." It is true, the court did not there elaborate upon the doctrine of *respondeat superior,* but as will be seen from the decision therein it was under that doctrine alone that the employers were held liable for the accident. Subsequently a petition for hearing before the Supreme Court was denied.

The judgment against Ad Chong finds further support in two cases from other jurisdictions, cited by respondent. One is from New Jersey, and the other from Massachusetts. In the New Jersey case, *Price* v. *Simon,* 62 N. J. L. 153 [40 Atl. 689], an ice delivery man, after delivering ice at a residence, ran out of the yard toward his truck and collided with a child standing on the sidewalk. An action for damages was brought against the employer alone under the doctrine of *respondeat superior,* and a nonsuit was granted. But on appeal the judgment was reversed, the Supreme Court of that state saying: "The liability of the master for the negligent act of the servant is solved by determining whether the injury was inflicted while the servant was performing an act in the course of his employment by the master. His duty to the master was to deliver ice from the wagon to customers. When he was returning from the customer's house to the wagon with the ice tongs, he was acting in the business of the master, as clearly as he was when he took the ice in, or as when he was driving the wagon. He could not conduct the business in which he was employed without going to the customer's house, and returning to the wagon. In doing these acts, he represented the master, and for his negligence the master is liable." Exactly that situation existed here. Leong Cheung could not conduct his employer's business without going back and forth between the customer's place of business and his

employer's truck. In the Massachusetts case, *Ryan* v. *Keane*, 211 Mass. 543 [98 N. E. 590, 47 L. R. A. (N. S.) 142], an employee of a livery stable collided with the plaintiff therein while the latter was walking across a yard toward a wagon he had hired; and in holding the employer liable for the injuries plaintiff sustained the court said: "In the act of returning to the stable, he [the employee] was doing what he was ordered to do, and his purpose was to perform the work of his employer for which he was engaged. He was none the less acting in the course of his employment because his method of performing his duty was careless; and if, in hurrying to do his work at a busy hour in the morning, he carelessly or wilfully jostled against and injured the plaintiff, the defendants are liable for his act." While the facts of that case are not precisely the same as those here presented, the legal principle involved is the same.

Moreover, and aside from the law as laid down by the decisions, it is clear that a case of *respondeat superior* was established under the provisions of section 2338 of the Civil Code, which is the basic statutory law in this state upon that subject, and governs in cases of master and servant (*Johnson* v. *Monson,* 183 Cal. 149 [190 Pac. 635] ; 16 Cal. Jur. 958). That section declares: "Unless required by or under the authority of law to employ that particular agent, a principal is responsible to third persons for the negligence of his agent in the transaction of the business of the agency, including wrongful acts committed by such agent in and as a part of the transaction of such business, and for his willful omission to fulfill the obligations of the principal." As said in California Jurisprudence (vol. 1, p. 839) the provisions of the foregoing section are in accord with the letter and the spirit of the common law; they are also in harmony with section 243 of the Restatement of the Law of Agency; and it is to be noted, neither expressly nor by implication does said section 2338 contain any such conditions limiting the liability of the principal as are set forth in the final sentence of the appellant's proposed instruction. ▪ Quite to the contrary, the law is well settled that in determining the question of *respondeat superior* the real test to be applied is whether at the time the employee commits the negligent act resulting in the injuries to the third person, he is engaged in performing some duty

within the scope of his employment. (16 Cal. Jur. 1098; 1 Cal. Jur. 839; 2 Am. Jur. 279; 3 C. J. S. 138.)

In support of the legal principle contended for by appellant, as set forth by him in his proposed instruction, he relies on two cases from the state of Missouri, *Phillips* v. *Western Union Tel. Co.*, 270 Mo. 676 [195 S. W. 711, L. R. A. 1917F, 489], and *Ritchey* v. *Western Union Tel. Co.*, 227 Mo. App. 754 [41 S. W. (2d) 628], and obviously his proposed instruction was based largely on the decision in the Phillips case. For several reasons the *rationale* of the Missouri cases cannot be followed. The background of the Phillips case is as follows: Mrs. Phillips and her husband were standing on the curb waiting to cross the street with the traffic signal. A messenger boy, employed by the defendant company, came running along the sidewalk, looking backward over his shoulder at a newsboy from whom he had just snatched a paper; and he collided with Mrs. Phillips, knocking her down. At the time of the accident the messenger boy was carrying messages for his employer. Two actions for damages were filed. The one above cited was brought by Mrs. Phillips for the recovery of damages for the personal injuries she sustained as the result of the collision; the other by her husband for the recovery of the hospital and medical fees incurred by him on account of his wife's injuries, and for loss of her services (*Phillips* v. *Western Union Tel. Co.*, 194 Mo. App. 458 [184 S. W. 958]). Each secured a judgment, from which an appeal was taken by the company. The judgment in favor of the husband was for the sum of $2,000; therefore the appeal was taken to the St. Louis Court of Appeals, which affirmed the judgment as against the company under the doctrine of *respondeat superior,* its decision being based upon the ruling of the Massachusetts court in *Ryan* v. *Keane, supra.* In the action brought by Mrs. Phillips, judgment was given in her favor for $10,000. The appeal was therefore taken to the Supreme Court of Missouri, and the judgment against the company was reversed upon the ground that the doctrine of *respondeat superior* did not apply. The opinion was written by a court commissioner and subsequently adopted by the Supreme Court, one member of the court (Woodson, J.) dissenting. In thus reversing the judgment the Supreme Court refused to follow the decision previously rendered by the St. Louis Court of Appeals in the case of the husband, and ruled

out the Massachusetts case of *Ryan* v. *Keane* upon the ground that there the accident occurred on the master's premises, and not on a public street. An analysis of the opinion adopted by the majority of the Supreme Court shows that it was based largely upon the ground that the accident resulted from the "rollicking movements" of the messenger in connection with the snatching of the newspaper, rather than from any negligence on his part while performing a service within the scope of his employment. In dissenting from this view, Judge Woodson stated: "The messenger was performing the master's business at the time he injured the plaintiff, and had it not been for that fact he would not have been pursuing the journey which resulted in the injury, and the mere fact that he sidestepped a few feet to gratify some personal desire does not change the rule." In the other Missouri case, *Ritchey* v. *Western Union Tel. Co., supra,* a messenger boy dashed out of a building with his head down and collided with a pedestrian on the sidewalk. The appeal was taken to the Kansas City Court of Appeals, and the judgment was affirmed upon the authority of the decision rendered in the Mrs. Phillips case (195 S. W. 711). But in affirming the judgment the court said: "Whether the doctrine of the Phillips case is sound or unsound is not for this court; it is controlling, notwithstanding holdings in other jurisdictions to the contrary."

From the foregoing it will be seen that even in Missouri there appears to be some doubt as to the soundness of the decision in the Mrs. Phillips case, and besides it is conceded that the legal doctrine upon which it is founded is contrary to the one adhered to in other jurisdictions. Furthermore, the present case is essentially different from the Phillips case in two respects: first, because here the accident was not brought about by any "rollicking" on the part of the employee; although careless in his movements, he was attending strictly to the business of his employer. Secondly, as in the Schediwy and Price cases, at the time of the accident he was performing duties in connection with an instrumentality furnished by his employer, namely, a motor truck, which was being operated on the public streets.

Also in support of his position appellant emphasizes certain *dictum* found in a Pennsylvania case (*Wesolowski* v. *John Hancock Mut. L. Ins. Co.,* 308 Pa. 117 [162 Atl. 166, 87 A. L. R. 783]), wherein a pedestrian was struck and injured by an

automobile owned by the employee, but which at the time of the accident was being used by him in carrying on the business of his employer. It is apparent, however, that the decision therein is of no value here, because on the merits it is based on legal principles contrary to those governing in like cases in this state. (See *Cook* v. *Sanger,* 110 Cal. App. 90 [293 Pac. 794].)

The judgment is affirmed.

Peters, P. J., and Ward, J., concurred.