## WESTERN UNION TELEGRAPH CO. v. BROMBERG.

### No. 10542.

Circuit Court of Appeals, Ninth Circuit.

June 14, 1944.

Francis R. Stark, of New York City, and Simon, Gearin, Humphreys & Freed, Edgar Freed, and William L. Josslin, all of Portland, Or., for appellant.

Wilbur, Beckett, Howell & Oppenheimer and Robert T. Mautz all of Portland, Or., for appellee.

Before STEPHENS and HEALY, Circuit Judges, and BOWEN, District Judge.

STEPHENS, Circuit Judge.

Action was brought in the district court by I. Bromberg against Western Union Telegraph Company to recover damages for personal injuries. The parties are citizens of different states and the amount involved exceeds the sum of $3,000, exclusive of interests and costs, 28 U.S.C.A. § 41(1). Trial was had without a jury, and judgment was rendered in favor of Bromberg for both general and special damages. Western Union appeals.

On June 1, 1942, Bromberg, a man of approximately eighty-seven, resided at the Congress Hotel in Portland, Oregon. On that date, at about 3:30 P.M., Genevieve Cline, a young lady employed by Western Union as a messenger in the downtown district of Portland, was standing at the main desk in the lobby of the Congress Hotel, picking up or delivering a telegram. Bromberg came up and stood to the rear of Genevieve, either directly behind her or a bit to one side, waiting to step up to the desk and ask for his mail. Upon leaving her position at the desk, Genevieve brushed or bumped into Bromberg, of whose presence she was not aware, and following the contact Bromberg fell to the floor and sustained serious injuries.

It is the contention of Bromberg that the messenger "carelessly, recklessly and negligently made a sudden and abrupt turn from said desk and walked directly into and against the plaintiff, knocking him to the floor of said hotel lobby and causing the injuries hereinafter described."

Western Union contends that the messenger was not negligent, that the court erred in finding that the messenger "made an abrupt turn and walked directly into and against" Mr. Bromberg, and that even if she were negligent in coming in contact with Bromberg, Western Union, as a matter of law, would not be liable to Bromberg, because the Congress Hotel lobby is a public place at which the messenger was present in the exercise of a public right and was using only her body and not any vehicle or instrumentality furnished by Western Union. Another defense is that Bromberg was guilty of contributory negligence, in that he carelessly and negligently, without warning or notice of any kind to the messenger, placed himself in and remained in such a position in relation to her as to cause her to brush or bump into him when she turned to leave the hotel desk.

The evidence showed the special damages as exceeding those prayed for, and no amendment was offered or made to the complaint. It was agreed at the oral argument of the case before us that no point should be made in regard to this irregularity of the pleadings.

There was no witness to the actual collision except the messenger and Mr. Bromberg. The hotel clerk was near but did not see the accident. The bell boy was in the lobby but did not see the two come together. He testified: " * * * now she might have brushed him, but if she did it was very lightly because she went on right by him and he fell and she stopped * * *. She was then ten feet past him when he fell." Bromberg testified by deposition in part according to the following narrative:

"I was waiting behind the young girl at the hotel desk to get my mail. She gave me a strong push with her hands in my chest and threw me to the floor. She had room to walk around, and she pushed me right on my chest and threw me to the floor."

The attorney disavowed any claim that the messenger intentionally contacted Bromberg, and appellant makes no point that the messenger assaulted appellee.

The messenger was called to the witness stand in behalf of Bromberg, and a part of her testimony in narrative form was as follows:

"No one else was there. There was plenty of room for me to have walked without having any contact with Mr. Bromberg. In walking away from the desk I did have a contact with Mr. Bromberg, and as a result of that contract he went to the floor."

The following colloquy occurred:

"Q. [by attorney for Bromberg]. And then did you start moving away from your position at the desk?

"The Court: I will tell you the best way to do that would be to show me. Mr. Joy, you come and stand behind her. You just take any position there, a little further up. About how far behind you? Where should he be?

"A. He was a little closer than that, I would say. (Mr. Joy changes his position.) Mostly like that, yes.

"The Court: About that way behind you, or a little more to your side? A. Just about like that, yes.

"The Court: All right. Thank you.

"Mr. Mautz: Q. And then when you moved away from the desk did you start running? A. No, I didn't.

"Q. You started walking? A. Yes."

Upon cross-examination later the messenger testified:

"Q. When did you first realize that anybody, Mr. Bromberg, a man, or woman or child, or anybody was near you, back of you or to the side of you in the lobby? A. Well, at the time I either brushed against or bumped into him.

"Q. When you came in contact with him? A. Yes.

"Q. Up to that time you had not realized that anybody was there? A. No.

"Q. Now whether we call it bumped into, as Mr. Mautz does, or brushed, as you have from the stand, tell the Judge what did happen. I mean, what was the contact? Where did you strike, if you remember what portion you struck, what part of Mr. Bromberg, and how hard?

"The Court: With Mr. Joy there could you show just how it happened?

* * * * *

"Mr. Freed [attorney for appellant]: He wants to know what you mean by brushing into him.

"The Witness: I can't tell which side it was.

"The Court: Get away. She will have a little more room.

"Mr. Freed: Your Honor understands she doesn't know which way she turned.

"The Court: I understand. She told me that. What I want to know is about how hard you bumped into him. Show me that.

"The Witness: I should say more or less like that (illustrating).

"The Court: With your head turned away from him, you think? A. Probably."

The court found as follows: "* * * After leaving her position at said hotel desk, as aforesaid, the said Genevieve Cline made an abrupt turn and walked directly into and against the plaintiff, knocking him to the floor of the lobby of said hotel. * * * That the defendant by and through the said Genevieve Cline at said time and place was careless, reckless and negligent in abruptly turning from said hotel desk and walking directly into and against plaintiff."

■■ The main contention made by appellant is that Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, requires this court to view this appeal in the same manner that it views cases in equity and in admiralty, and it argues that so viewed the judgment must be reversed because (a) negligence was not proved, (b) appellee was guilty of contributory negligence, (c) there is no liability upon the part of an employer for injuries sustained through accidental contact of a person by a pedestrian, and (d) the hotel lobby was a public place, the messenger was rightly there on the employer's business, even if she did walk or run it was her own affair, and the employer is not liable since he furnished her no vehicle of conveyance.

Much has been written as to the proper construction of Rule 52(a) of the Federal Rules of Civil Procedure,[1] but we think its application to the instant case is clear. The rule does not disturb the long followed principle that the judge or jury which has seen and heard the witnesses is better qualified to weigh their testimony than is a re-

viewing tribunal and that findings of fact of the trial body will not be set aside unless clearly erroneous. Appellate courts are, however, free to draw inferences and conclusions from findings of fact. See Kuhn v. Princess Lida of Thurn & Taxis, 3 Cir., 1941, 119 F.2d 704, 705, 706.

■ In this case there are two circumstances which must be taken into consideration in applying the rule. Mr. Bromberg's testimony was by deposition, hence, the appellate judges are in as good a position to weigh his evidence as was the trial judge. The other circumstance is that at the suggestion of the court the messenger, with the aid of another acting as Mr. Bromberg, reenacted the position and movements of herself and Mr. Bromberg from the moment before she turned from the hotel desk until immediately after Mr. Bromberg fell to the floor. She did not remember, however, which way she turned from the desk, to the right or to the left. It thus clearly appears that this re-enactment was more than explanatory of her oral description of the collision. It was both explanatory and direct evidence, and, of course, the trial court was best able to appraise the worth of such evidence. See Adamson v. Gilliland, 242 U.S. 350-353, 37 S.Ct. 169, 61 L.Ed. 356. The messenger's simple and direct answers to questions put to her, especially her statement that there was plenty of room for her to have walked without having any contact with Mr. Bromberg and that the contact caused him to fall to the floor, together with the testimony that Mr. Bromberg was merely standing close to her, would be sufficient in itself to support a finding that her action was negligent; and when the re-enactment was viewed by the court, we could have no basis whatever for holding, as we are requested to do, that the trial court committed reversible error in finding that "* * * the said Genevieve Cline made an abrupt turn and walked directly into and against the plaintiff, knocking him to the floor of the lobby of the hotel." The suggestion by appellant, that since the messenger did not know of Bromberg's presence, bumping into him was not foreseeable, and, therefore, she cannot be held to have been negligent, is unsound. She was in a place where other people were highly likely to be, and she was bound

[1] Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides: "* * * Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. * * *"

to regulate her movements in view of this fact. The act of brushing against Mr. Bromberg, resulting in knocking him to the floor, was the proximate cause of the injury sustained by him.

The court specifically found that Mr. Bromberg was not guilty of contributory negligence, and the evidence amply supports such finding.

We have examined the three cases cited by appellant upon the claim that the employer is not liable for "negligent pedestrianism" of his employee, and hold that they do not fit this case. In Phillips v. Western Union Tel. Co., 270 Mo. 676, 195 S.W. 711, L.R.A.1917F, 489, the pedestrian was upon the street and grabbed a newspaper, and in connection with this act another person was injured. Whether or not the conclusion reached is good law, we need not consider, for in the cited case the messenger was in the act of doing something for himself wholly outside his employment. In the instant case the messenger was attending wholly to her duties but acted negligently therein.

In Ritchey v. Western Union Tel. Co., 227 Mo.App. 754, 41 S.W.2d 628, a messenger boy ran out of his employer's doorway, proceeding upon his duty as an employee, and collided with and injured another person. The court, inferior to the court which decided the Phillips case, felt itself bound by that case. There appears to be a great difference in the facts, however. The soundness of the Phillips case has been questioned by the court which decided the Ritchey case. Chiles v. Metropolitan Life Ins. Co., 230 Mo.App. 350, 91 S.W.2d 164. It has been expressly disapproved in Tighe v. Ad Chong, 44 Cal.App.2d 164, 112 P.2d 20, 22. That court, in disapproving of the Phillips case doctrine, stated the rule as follows: "Quite to the contrary, the law is well settled that in determining the question of respondeat superior the real test to be applied is whether at the time the employee commits the negligent act resulting in the injuries to the third person, he is engaged in performing some duty within the scope of his employment."

In Wesolowski v. John Hancock Mut. Life Ins. Co., 308 Pa. 117, 162 A. 166, 167, 87 A.L.R. 783, while acting within his scope of duty the employee injured a boy by negligently operating an automobile. The use of an auto was not required by, nor was the auto used furnished by the employer, but permission to use it had been granted. The court held that the doctrine of respondeat superior did not apply, saying " * * * If Adams had chosen to walk from person to person with whom he had his employer's business to transact and in walking he had negligently knocked over and injured another pedestrian, it could not reasonably be contended that his employer should respond in damages for Adams' negligent pedestrianism. So to hold would be to construe the phrase 'respondeat superior' beyond its fundamental meaning and to carry its principle to absurd lengths and to consequences forbidden by every sound consideration of public policy."

In the last cited case the employee was acting within the scope of his duties, and the conclusion reached is in direct conflict with the reasoning in the Tighe case, supra. See Schediwy v. McDermott, 113 Cal.App. 218, 298 P. 107. In the instant case neither party has said a word about the Oregon law upon this particular phase of the case. We think the weight of authority and the logic of the situation supports the trial judge in holding that in Oregon the employer must respond for the negligent acts of its employee in the circumstances of this case. In arriving at this conclusion we have agreed with appellant that so far as the point under immediate consideration is concerned, there is no difference in principle between the happening in the hotel public lobby and the street sidewalk.

Affirmed.