UNITED STATES LINES CO. v. CUMMINGS.

No. 12874.

United States Court of Appeals Ninth Circuit.

Feb. 20, 1952.

As Amended March 31, 1952.

222

Lillick, Geary & McHose, L. Robert Wood, Gordon K. Wright and Lawrence D. Bradley, Jr., all of Los Angeles, Cal., for appellant.

Kenneth W. McDonald, San Pedro, Cal., Parker, Stanbury & Reese and Raymond G. Stanbury, all of Los Angeles, Cal., for appellee.

Before MATHEWS, STEPHENS and ORR, Circuit Judges.

STEPHENS, Circuit Judge.

The SS. Princeton Victory, being operated under a bare boat charter by United States Lines Company, a New Jersey corporation, defendant-appellant, doing business in California, put into Los Angeles harbor April 18, 1948. She requested the port to furnish a pilot and in response Captain William J. Cummings, a pilot, plaintiff-appellee was sent on this mission aboard a motor launch which was owned and operated by the City of Los Angeles. While attempting to board the ship the pilot was injured. He brought suit in the United States District Court and the court found for him and awarded substantial damages with costs. The defendant appeals, contending that the evidence does not support the findings of fact and judgment, and that the accident and injury resulted from plaintiff's own negligence.

The case was tried by the court without a jury and the uncontroverted evidence is that the weather was clear, a breeze of from three to seven miles per hour was blowing from the southwest; ground swells, estimated to be from two to four and one-half feet high were running. The launch drew alongside the ship which had heaved-to on a northerly heading. As the launch drew alongside the ship a Jacob's ladder was lowered for the pilot's use in boarding the ship. The parties presented conflicting views of the events which followed.

The court below found on the basis of the evidence presented that the launch's first attempt to come alongside was unsuccessful and that the two lower rungs of the ladder were smashed in the attempt.

The appellant contends that the ladder was not smashed upon the first approach but later.

The trial court also found, and the appellant denies, that after the first approach of the launch the ladder was raised six or seven feet for inspection and subsequently lowered to about the water line.

It is agreed that the launch made another approach and was successful in coming alongside the ship. There is evidence to the effect that the pilot walked from the pilot house to the rail. He put his right foot on the twenty-two inch rail and, as the launch reached the top of a swell, he put his left hand on a deckhand's shoulder, boosted himself up, and put his left foot on the ladder. Then he removed his right foot from the rail and started to climb. At that moment the ladder played out over the side of the ship and dropped about two feet under the pilot's weight, causing him to drop with the ladder. The force of the drop wedged the toes of his left foot between the two, previously smashed, slats or rungs of the ladder, severely lacerating and fracturing the toes which were subsequently amputated.

According to appellant, the evidence shows that: the pilot put his left foot on the ladder while the launch was in the trough of a swell; as he stepped onto the ladder, the launch rose on a swell and keeled over against the side of the ship, thus crushing appellee's foot and the ladder at the same time. The ascent of the launch on the swell made it seem that appellee was falling.

It is undisputed that the pilot was brought aboard the ship for first aid and was then removed to the San Pedro Community Hospital where his toes were amputated.

The court adopted the theory of the accident as contended for by the pilot-appellee and found that the danger was not obvious or apparent; that appellee assumed no risk; that appellee was not contributorily negligent; and that it was not an unavoidable accident but was the result of the ship's negligence.

There is both deposition and oral testimony in the case and we have considered it in the manner we have heretofore expressed as to how such evidence should be considered.[1]

Appellant earnestly and with considerable logic argues that the injuries resulting from the accident could hardly have followed the happenings as described by the pilot. We think, however, that after giving all of the evidence due consideration we cannot hold that the findings and judgment are clearly erroneous. United States v. United States Gypsum Co., 1947, 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746; United States v. Yellow Cab Co., 1949, 338 U.S. 338, 70 S.Ct. 177, 94 L.Ed. 150.

Affirmed.

1. See Smyth v. Barneson, 9 Cir., 1950, 181 F.2d 143; Tawada v. United States, 9 Cir., 1947, 162 F.2d 615; Western Union Telegraph Co. v. Bromberg, 9 Cir., 1944, 143 F.2d 288; and Matson Navigation Co. v. Pope & Talbot, 9 Cir., 1945, 149 F.2d 295, certiorari denied 326 U.S. 737, 66 S.Ct. 46, 90 L.Ed. 439; The Ernest H. Meyer, 9 Cir., 1936, 84 F.2d 496, certiorari denied, Hammond Lumber Co. v. Broughton & Wiggins Nav. Co., 299 U.S. 600, 57 S.Ct. 193, 81 L.Ed. 442; The Andrea F. Luckenbach, 9 Cir., 1945, 78 F.2d 827. See also Orvis v. Higgins, 2 Cir., 1950, 180 F.2d 537, certiorari denied 340 U.S. 810, 71 S.Ct. 37, 95 L.Ed. 595.